IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| FRANK GAINER, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 25-907-BAH |
| CYNTHIA LYNN, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Frank Gainer ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, Plaintiff's complaint will be dismissed for failure to state a federal claim upon which relief can be granted and for lack of subject matter jurisdiction.

Plaintiff brings suit against Defendant Cynthia Lynn ("Defendant") concerning a real property dispute. *See* ECF 1, at 9–10. Plaintiff alleges that he entered into a rent-to-own agreement regarding a property located in Howard County, Maryland, with Defendant Cynthia Lynn's late husband, David Lynn, on November 1, 2019. *See id.* at 9. Plaintiff "made numerous renovations and major repairs to said property soon after the Rent to Own Contractual Agreement was signed . . . ." *Id.* Mr. Lynn passed away in July 2020. *Id.* Plaintiff alleges that, after her husband's passing, Defendant "made frivolous false claims to the Howard County Sheriff's Department as well as Howard County Department of Police that the Defendant inherited said property from her late husband and was a landlord to the Plaintiff," that she "disregarded [the] Rent to Own contractual agreement," and that she "strategically coerce[d] law enforcement agents and court officials to proceed with the unlawful eviction while giving the impression to the Plaintiff that his percentage in ownership of the property was still in effect while renegotiating the final payment arrangement for said property." *Id.* It is not clear from the complaint what relief Plaintiff seeks, though the civil cover sheet indicates that Plaintiff demands $25,120,000.00. *See* ECF 1-10.

As the basis for this Court's federal question jurisdiction, Plaintiff cites "Section 5 of the Federal Trade Commission Act (15 USC [§] 45)." ECF 1, at 4. Plaintiff also alleges that Defendant has "violated the plaintiff's unalienable rights protected by the Maryland Constitution of 1776, Declaration of Rights as well as the United States of America's Constitution (Bill of Rights), while committing frivolous, and manipulative acts that resulted in loss of private property, mental and monetary anguish resulting in plaintiff becoming sick." *Id.* at 10.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject-matter jurisdiction either based on diversity of citizenship or a federal

question.  28 U.S.C. §§ 1331, 1332(a)(1).  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000.  28 U.S.C. § 1332(a)(1).  Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Pursuant to the well-pleaded complaint rule, facts supporting a basis for subject matter jurisdiction "must be affirmatively alleged in the complaint."  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  Indeed, federal courts are to assume that "a case lies *outside* [their] limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 277 (1994)) (emphasis in *Poole*).  Moreover, the "burden of establishing subject matter jurisdiction" rests with the party who asserts such jurisdiction.  *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

Here, the asserted bases for this Court's federal question jurisdiction are the Federal Trade Commission Act, 15 U.S.C. § 45, and the Bill of Rights to the United States Constitution (albeit unspecified provisions).  *See* ECF 1, at 9–10.  While 15 U.S.C. § 45 "prohibits certain unfair commercial practices, it confers authority solely to the Federal Trade Commission to pursue such violations."  *Wade v. Truist Bank*, Civ. No. PX-22-287, 2022 WL 1470472, at *1 (D. Md. May 10,

2022). "The statute does not permit a private cause of action." *Id.* (citing 15 U.S.C. § 45); *see also* 15 U.S.C. § 45(b), (m)(1)(A), and (m)(1)(B) (noting that the Commission may commence actions for violations of this section). Plaintiff therefore cannot proceed on a claim brought under this statute.

Even if Plaintiff had cited a specific constitutional right alleged to have been violated by Defendant, he could not succeed on such a claim. First, the Court construes this claim as being brought pursuant to 42 U.S.C. § 1983, as this statute provides "a method for vindicating federal rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation omitted). It allows suits against any "person" acting under color of state law who subjects the claimant to "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. To the extent Plaintiff seeks to hold Defendant, a private party, liable for denial of his civil rights purportedly committed under color of law, he has not alleged facts sufficient to establish that Defendant's actions can constitute state action. "It has been observed that 'merely private conduct, no matter how discriminatory or wrongful[,]' fails to qualify as state action." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (quoting *Mentavlos v. Anderson*, 249 F.3d 301, 301 (4th Cir. 2001)) (additional internal quotation marks and citation omitted). When assessing section 1983 claims brought against ostensibly private actors, courts must "consider the totality of the circumstances of the relationship between the private actor and the state to determine whether the action in question is fairly attributable to the state." *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 116 (4th Cir. 2022) (citing *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000)). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562

F.3d 599, 616 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999)). The Fourth Circuit has summarized the necessary inquiry as testing whether there is "a sufficiently 'close nexus'" between a private actor and the state such that the actions of the former "may be fairly treated" as those of the latter. *Mentavlos*, 249 F.3d at 314 (quoting *Brentwood Acad. v. Term. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal citations omitted)). Applying this framework here, there are no facts in Plaintiff's complaint that would support an inference that Defendant's conduct can be characterized as state action. Plaintiff therefore cannot succeed on any federal constitutional claim against Defendant.

To the extent the Court could construe Plaintiff's complaint as asserting claims arising under state law (for example, state contract law), this Court does not have diversity jurisdiction over this action. Both Plaintiff and Defendant are citizens of Maryland. *See* ECF 1, at 2. There is therefore not complete diversity, a requirement for jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Accordingly, because Plaintiff has not stated a claim upon which relief can be granted and because this Court does not otherwise have subject matter jurisdiction over this action were the Court to construe Plaintiff's claims as ones brought under state law, the Court is constrained to dismiss Plaintiff's complaint.

Accordingly, it is this 8th day of April, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;
2. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE; and
3. The Clerk is directed to CLOSE this case and MAIL a copy of this order to Plaintiff.

                                                           _____/s/_____
                                                           Brendan A. Hurson
                                                           United States District Judge